**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MARVIN LOUIS DAVIS**                                                               **PLAINTIFF**

**V.**                                                                  **NO. 3:16CV00291-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and a claim for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held October 25, 2017, the court finds the ALJ's residual functional capacity ("RFC") determination and, consequently, the finding of not disabled, is not supported by substantial evidence in the record.

To begin, the ALJ determined that records received "after the reconsideration determination did not provide any new or material information that would alter the State agency consultant's opinion about the claimant's residual functional capacity." However, a progress note (Exhibit 7F) dated January 8, 2014, from the claimant's treating physician, Dr. Pravinchandra Patel, indicates the claimant was that day diagnosed with peripheral artery disease ("PAD"), his chief complaint having included "[s]evere pains in the [left] [a]nkle and

also has pains in the legs when going up a hill or walking a long distance." The ALJ made no mention of this diagnosis in his decision.

Of course, this error was compounded by the Appeals Council's determination that 2016 medical records from Dr. Bradley Wolfe, which records confirm a diagnosis of peripheral vascular disease ("PVD"), did not affect the decision about whether the claimant was disabled on or before June 19, 2015. These errors prejudiced the claimant, considering the medium RFC found by the ALJ–without adequate medical support–suggests the claimant is capable of performing jobs that require up to six hours of walking and standing during the course of a work day. Moreover, any finding that the claimant is only capable of light or sedentary work would render him disabled under the Grid rules.

On remand, the ALJ must consider all of the claimant's medical impairments and render a new decision. The ALJ must order a consultative examination ("CE") of the claimant; and, the CE examiner must be provided with copies of all of the claimant's medical records in the file prior to said examination. The ALJ must require that the CE examiner, after examination of the claimant and review of his medical records, provide an RFC assessment (function-by-function). The ALJ may conduct any additional proceedings that are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED AND REMANDED for further proceedings.**

This, the 26th day of October, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE